UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

METROPOLITAN LIFE INSURANCE COMPANY,

       Plaintiff,

  v.

KRISTA DELUCA a/k/a KRISTA CORRIEA a/k/a KRISTA H. OWEN,

       Defendant,

No. 2:08-cv-01179-MCE-DAD

MEMORANDUM AND ORDER

Presently before the Court are Plaintiff's Ex Parte Application for Service by Publication and Ex Parte Application to Enlarge Time to Effect Service. For the following reasons, both Applications are granted.[1]

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

Pursuant to Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In this case, Plaintiff has shown good cause for failing to serve Defendant within the initial 120 days after filing the instant Complaint. Accordingly, Plaintiff's request for an extension of time to serve Defendant is GRANTED.

Additionally, under Federal Rule of Civil Procedure 4(e)(1), a proper service of summons can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, California's statute on service by publication governs whether substituted service is proper in this case. California Code of Civil Procedure § 415.50(a)(1) allows service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that ... [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

///
///
///

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." <u>Harris v. Cavasso</u>, 68 Cal. App. 3d 723, 726 (3d Dist. 1977). Additionally, a party seeking leave to serve process by publication must establish that "reasonable diligence" has been exercised to serve process in another manner permitted by California law. <u>Watts v. Crawford</u>, 10 Cal. 4th 743, 749 n.5 (1995). "'The term 'reasonable diligence' ... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" <u>Id.</u> (citations omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant." <u>Id.</u> (internal quotations and citations omitted). This requirement exists because "it is generally recognized that service by publication rarely results in actual notice." <u>Id.</u> (citations omitted). Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. <u>Id.</u> (citations omitted).

Plaintiff has adequately alleged via affidavit that Defendant wrongfully absconded with life insurance proceeds that were incorrectly paid to her. Accordingly, pursuant to Rule 4(e)(1), Plaintiff has established that a cause of action exists against Defendant.

///
///
///
///
///

Additionally, Plaintiff mailed a Request for Waiver of Service of Summons to two addresses previously belonging to Defendant. When those attempts were unavailing, Plaintiff hired a process server to attempt service at both addresses. Those attempts were also unsuccessful, so Plaintiff finally hired an investigator who sought to locate Defendant through Information Data Base providers, California Department of Motor Vehicles, Court Records searches, property managers and neighbor interviews. Accordingly, Plaintiff has demonstrated that both a cause of action exists against Defendant and that Plaintiff exercised the requisite diligence in attempting to serve her. Plaintiff's Ex Parte Application to Serve Defendant by Publication is also hereby GRANTED.

IT IS SO ORDERED.

Dated: April 28, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE